UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE LOUISA GENTLE,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM BARR, Attorney General, et als.<br><br>Respondents. | Case No.: 19cv2213-GPC(JLB)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AS PREMATURE**<br><br>**[Dkt. No. 4.]** |

On November 11, 2019, Petitioner Jacqueline Louisa Gentle ("Petitioner"), a detainee at the Otay Mesa Detention Facility in the custody of the U.S. Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) On December 10, 2019, Petitioner filed a motion for temporary restraining order enjoining ICE from removing her from the United States until the Court decided the merits of her petition. (Dkt. No. 4.) Respondent filed an opposition on December 18, 2019. (Dkt. No. 7.) Based on the reasoning below, the Court DENIES Petitioner's motion for temporary restraining order and DISMISSES the petition as premature.

**Background**

Petitioner is a native and citizen of Belize. (Dkt. No. 7-2, Prime Decl., Ex. A at 3[1].) On or about December 19, 2012, the Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner when it filed a Notice to Appear ("NTA") with the immigration court in Las Vegas, Nevada, charging her with removability pursuant to 8 U.S.C. § 1227(a)(1)(A) as an alien who was not in possession of a valid document at the time of entry. (*Id.*, Exs. B, D.) ICE alleged that she was not a citizen or national of the United States and was admitted to the United States on or about May 19, 2007, with a fraudulently obtained U.S. passport. (*Id.*, Ex. B.)

On December 11, 2012, Petitioner was indicted for making a false statement on an application for a U.S. passport in violation of 18 U.S.C. § 1542, among other crimes. *See U.S. v. Williams, et al.*, Case No. 2:12-cr-00463-JCM-VCF (D. Nev.), Dkt. No. 1 (Indictment). On January 8, 2013, the U.S. Department of State issued a letter to Petitioner informing her it had revoked the U.S. passport issued to her on February 11, 2010. (Dkt. No. 7-2, Prime Decl., Ex. C.)

On June 3, 2013, Petitioner's removal proceedings were administratively closed because she was in U.S. Marshal custody for her criminal case. (*Id.*, Ex. D at 15.) On January 15, 2016, after a jury trial, Petitioner was found guilty of counts 4, 5, 7, 9, 10, 24, 25, 26 and 27 of the third superseding indictment. *See U.S. v. Williams et als.*, Case No. 2:12-cr-00463-JCM-VCF (D. Nev.), Dkt. No. 725 (Jury Verdict). Specifically, count five charged Petitioner with having, on or about February 11, 2010, knowingly made a false statement on an application for a U.S. passport, with the intent to secure for her own use the issuance of a U.S. passport, in that she stated that her father was "A. Gentle," a U.S. Citizen, born in Alabama, which she knew to be false in violation of 18 U.S.C. § 1542. (Dkt. No. 7-2, Prime Decl., Ex. E at 34.) Petitioner was initially sentenced to an aggregate

---

[1] Page numbers are based on the CM/ECF pagination.

term of 65 months in prison, *U.S. v. Williams et als.*, Case No. 2:12-cr-00463-JCM-VCF (D. Nev.), Dkt. No. 815 at 3, but appealed her conviction and, on March 22, 2018, the Ninth Circuit affirmed her conviction, vacated her sentence and remanded the matter for re-sentencing because the district court did not make the required findings to support a "two-level enhancement for obstruction of justice." (Dkt. No. 7-2, Prime Decl., Ex. G at 68.) On January 15, 2019, Petitioner was resentenced to time served. (*Id.*, Ex. F.) Petitioner's motion for post-conviction relief under 28 U.S.C. 2255 is currently pending in the District of Nevada. *U.S. v. Williams, et al.*, Case No. 2:12-cr-00463-JCM-VCF (D. Nev.), Dkt. Nos. 951, 978.

Once Petitioner was released from prison, Petitioner's removal proceedings were re-calendared and she appeared, pro se, before an Immigration Judge ("IJ") at the Las Vegas Immigration Court on January 30, 2019. (Dkt. No. 7-2, Prime Decl., Ex. D at 15-16.) Continuances were granted for DHS to obtain conviction records and for Petitioner to retain counsel. (*Id.* at 16.) On April 4, 2019, DHS transferred Petitioner to the Otay Mesa Detention Facility and requested a change of venue to the Otay Mesa Immigration Court, which was granted. (*Id.* at 16.) Petitioner appeared, pro se, before the IJ at the Otay Mesa Immigration Court on April 30, 2019. *Id.* Petitioner informed the IJ that her father was a U.S. citizen, and the IJ explained that it was her burden to demonstrate that she acquired U.S. citizenship. (*Id.*) Petitioner sought time to locate evidence of her father's presence in the United States, and the IJ granted several continuances for Petitioner to locate records pertaining to her father. (*Id.* at 17-19.) After numerous hearings, the Court set a final filing deadline of October 23, 2019 to file any documents in support of her claim to U.S. citizenship. (*Id.* at 19.) On November 6, 2019, the IJ issued a decision that Petitioner be removed from the United States to Belize as outlined in the NTA. (*Id.*) In her decision, the IJ considered whether Respondent had any avenue to remain in the United States. (*Id.*) The IJ concluded that "Respondent failed to meet her burden to demonstrate she acquired United States citizenship and birth through her purported United States citizen father." (*Id.* at 29.) The IJ also found Respondent did not harbor fear of returning to Belize and thus,

was not eligible for fear-based humanitarian relief and her criminal history made her ineligible for other forms of relief from removal. (*Id.*) On or about November 21, 2019, Petitioner filed a Notice of Appeal to the Board of Immigration Appeals ("BIA"), and the appeal remains pending. (*Id.*, Ex. J; 8 C.F.R. § 1003.38(c) ("The date of filing of the Notice of Appeal (Form EOIR-26) shall be the date the Notice is received by the Board.")). When an appeal of an IJ's decision is filed, an automatic stay of removal is imposed. *See* 8 C.F.R. § 1003.6.

Subsequently, on October 2 and 7, 2019, Petitioner appeared before the IJ for custody redetermination hearings pursuant to *Franco-Gonzalez v. Holder*, 2013 WL 3674492 (C.D. Cal. Apr. 23, 2013). (*Id.*, Ex. H.) On November 5, 2019, the IJ found that DHS met its burden to demonstrate, by clear and convincing evidence, that Petitioner is an extreme flight risk. (*Id.* at 72.) Petitioner appealed the bond decision to the BIA, and the appeal remains pending. (*Id.,* Ex. I.)

On November 11, 2019, Petitioner filed the petition in this case challenging the IJ's bond determination and seeking immediate release from custody. (Dkt. No. 1.) On December 10, 2019, Petitioner filed a temporary restraining order enjoining ICE from deporting her until the Court rules on the merits of her petition. (Dkt. No. 4.) Respondent filed a response seeking dismissal of the petition and denial of the temporary restraining order motion as premature. (Dkt. No. 7.)

## Discussion

Petitioner seeks a temporary restraining order barring ICE from removing her to Belize until the Court rules on her petition. (Dkt. No. 4.) Respondent argues that because she has appealed the IJ's decision denying her citizenship claim to the BIA, an automatic stay is imposed by 8 C.F.R. § 1003.6[2] and she is not subject to removal; therefore, the Court

---

[2] "a) Except as provided under § 236.1 of this chapter, § 1003.19(i), and paragraph (b) of this section, the decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal

4

19cv2213-GPC(JLB)

should deny her motion for temporary restraining order. Next, Respondent argues that the bond proceeding being challenged in the instant petition is currently pending before the BIA; therefore, her habeas challenge should be dismissed as premature.

The Court agrees with Respondent. First, the temporary restraining order Petitioner seeks is premature. She recently appealed the IJ's decision of removal around November 21, 2019. (Dkt. No. 7-2, Prime Decl. Ex. J at 78.) Filing the appeal triggers the automatic stay of her removal. 8 C.F.R. § 1003.6(a); see Hernandez Culajay v. McAleenan, 396 F. Supp. 3d 477, 481 (E.D. Pa. 2019). The case is still pending with the BIA and Petitioner is not subject to immediate removal. Accordingly, the Court DENIES her motion for temporary restraining order.

Next, in the petition, Petitioner challenges the IJ's decision denying her release by bond because she is a flight risk. (Dkt. No. 1, Pet.) On October 28, 2019, Petitioner filed an appeal of the IJ's bond decision to the BIA. (Dkt. No. 7-2, Prime Decl., Ex. I.) According to Respondent, no decision has yet been rendered by the BIA. Because Petitioner has failed to exhaust the bond issue with the BIA, her petition is premature. *See Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001) ("we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241"). "The exhaustion requirement avoids premature interference with the agency's processes and helps to compile a full judicial record." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (citation and quotation omitted); *Dhangu v. I.N.S.,* 812 F.2d 455, 460 (9th Cir. 1987) ("Ordinarily, an alien is required to exhaust his administrative remedies by first appealing to the BIA before petitioning to this court. This is a jurisdictional requirement."). Accordingly, the Court DENIES the petition as premature.

///

---

is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification." 8 C.F.R. § 1003.6.

**Conclusion**

The Court DENIES Petitioner's motion for temporary restraining order and DISMISSES the petition for writ of habeas corpus as premature. Petitioner may refile her petition in this Court once the BIA issues its decision.

IT IS SO ORDERED.

Dated: December 20, 2019

Hon. Gonzalo P. Curiel
United States District Judge